United States District Court
Southern District of Texas
**ENTERED**
March 06, 2026
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | |
|---|---|
| MONICA DE LOS ANGELES ZAMBRANO MUJICA, § § § | |
| Petitioner, § | CIVIL ACTION NO. H-26-1434 |
| § vs. § § | |
| WARDEN, Montgomery Processing Center, *et al.*, § § § | |
| Respondents. § | |

**ORDER**

The petitioner, Monica De Los Angeles Zambrano Mujica, is a detainee in the custody of United States Department of Homeland Security, Immigration and Customs Enforcement (ICE) officials at the Montgomery Processing Center. Through counsel, she has filed a petition for a writ of habeas corpus under 28 U.S.C. § 2241 challenging her continued detention. (Docket Entry No. 1). The Fifth Circuit recently held that 8 U.S.C. § 1225(b) applies to petitioners like Zambrano Mujica and that the respondents may detain her without bond. *See Buenrostro-Mendez v. Bondi*, No. 25-20496, 2026 WL 323330, at *1 (5th Cir. Feb. 6, 2026).

This court has held that petitioners like Zambrano Mujica are entitled to a bond hearing because they are members of a class that was certified in a case in which a final judgment has been entered. *See, e.g.*, *Montoya Cabanas v. Bradford*, Civil Action No. 4:26-cv-32, ECF No. 12 (S.D. Tex. Jan. 18, 2026); *Godoy Reyes v. Bradford*, Civil Action No. 4:26-cv-541, ECF Nos. 13, 15 (S.D. Tex. Feb. 17, 2026). A district court in the Central District of California certified a nationwide class action and entered a final judgment declaring that the class members "are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2)."

*Maldonado Bautista v. Noem*, No. 5:25-CV01873-SSS- BFM, 2025 WL 3678485, at *1 (C.D. Cal. Dec. 18, 2025). "The Fifth Circuit's rejection of the petitioner's statutory argument would ordinarily bind this court. But the preclusive effect of the earlier class-action judgment requires this court to apply the petitioner's interpretation of the statute." *Godoy Reyes*, ECF No. 15 at 2.[1]

---

[1] The respondents do not offer a reason to depart from the court's past rulings. First, the respondents argue that "changes in law can prevent the application of res judicata 'where, between the first and second suits, there has been an intervening change in the law or modification of significant facts creating new legal conditions.'" (Docket Entry No. 6 at 8 (quoting *Jackson v. DeSoto Parish School Board*, 585 F.2d 726, 729 (5th Cir. 1978))). But this rule refers to a change in the law that renders suspect the judgment in the first suit. *See, e.g.*, *Wilson v. Lynaugh*, 878 F.2d 846, 847 (5th Cir. 1989) (asking whether a Supreme Court or Fifth Circuit decision called into question the validity of a prior Southern District of Texas judgment). The rule does not apply in a situation like this one, where the Fifth Circuit's ruling does not render invalid a judgment of a district court in the Ninth Circuit. *Cf. In re Teal*, 16 F.3d 619, 622 n.6 (5th Cir. 1994) (per curiam) (courts must give preclusive effect "to a prior judgment even if it would be voidable on appeal because of legal error").

Second, the government argues that "[a] single district court cannot freeze the law in the entire nation by certifying a class and issue a class-wide declaratory judgment." (Docket Entry No. 6 at 8). This is true, at least if a litigant attempts to do so through nonmutual issue preclusion, *United States v. Mendoza*, 464 U.S. 154, 158–59 (1984); *In re Westmoreland Coal Co.*, 968 F.3d 526, 532 (5th Cir. 2020), or a universal injunction, *Trump v. CASA, Inc.*, 606 U.S. 831, 857–58 (2025). But the class-action device may provide nationwide relief, even if it limits the percolation of legal issues. *See Trump*, 606 U.S. at 849–50; *id.* at 869 (Kavanaugh, J., concurring) ("[I]n the wake of the Court's decision, plaintiffs who challenge the legality of a new federal statute or executive action and request preliminary injunctive relief may sometimes seek to proceed by class action under Federal Rule of Civil Procedure 23(b)(2) and ask a court to award preliminary classwide relief that may, for example, be statewide, regionwide, or even nationwide."). The Supreme Court rejected the government's argument nearly five decades ago. *See Califano v. Yamasaki*, 442 U.S. 682, 701–03 (1979) (authorizing the certification of nationwide classes against the federal government); *see also A.A.R.P. v. Trump*, 605 U.S. 91, 97–99 (2025). The mere fact that the government is a defendant does not prevent class-action-based issue preclusion.

The respondents next argue that "as a habeas action, the doctrines of res judicata and claim preclusion do not apply with same effect as in other types of litigation." (Docket Entry No. 6 at 5; *see also id.* at 8). The court has already considered and rejected this argument, and the respondents do not respond to the court's holdings addressing them. *See Godoy Reyes*, ECF No. 15 at 2–6; *Montoya Cabanas*, ECF No. 12 at 2–4.

Finally, the respondents argue that "this action lacks the unity of parties necessary for the application of res judicata." (Docket Entry No. 6 at 9). They claim that because the custodian of the facility where Zambrano Mujica is detained—the warden of the Montgomery Processing Center—was not a party in the *Maldonado Bautista* case, the declaratory judgment in *Maldonado Bautista* "cannot bind the wardens of facilities in Texas." (*Id.*). But the government has already conceded in this case—and in more or less every answer it has filed with the court in other immigration habeas matters—that the federal respondents are the real-party-in-interest. *See* Docket Entry No. 6 at 1, n.1 ("The proper respondent in a habeas petition is the person with custody over the petitioner. That said, it is the originally named federal respondents, not

The petitioner "is entitled to the preclusive force of the declaration that 'Bond Eligible Class members are detained under 8 U.S.C. § 1226(a) and are not subject to mandatory detention under § 1225(b)(2).'" *Montoya Cabanas*, ECF No. 12 at 6 (quoting *Maldonado Bautista*, 2025 WL 3678485, at *1). The respondents must provide the petitioner with a bond hearing under § 1226(a) that results in a ruling on the merits by **March 13, 2026**, or release her. The parties are to update the court on the status of the petitioner no later than **March 16, 2026**. The motion to dismiss and, in the alternative, for summary judgment (Docket Entry No. 6) is **denied** and Zambrano Mujica's petition for a writ of habeas corpus is **granted in part**.[2]

SIGNED on March 6, 2026, at Houston, Texas.

_____
Lee H. Rosenthal
Senior United States District Judge

---

the named warden in this case, who makes the custodial decisions regarding aliens detained in immigration custody under Title 8 of the United States Code." (citations omitted)); *see also, e.g.*, *Granados Gonzalez v. Bondi*, Civil Action No. 4:25-4756, ECF No. 8 at 8 n.1 (S.D. Tex.); *Moreno Rangel v. Noem*, Civil Action No. 4:25-5270, ECF No. 6 at 6 n1. (S.D. Tex.). The federal respondents' admission that they are the real party-in-interest binds them to the class-action judgment, even if the named custodian and formally proper party in this case is different from the one in the class-action judgment. *See Taylor v. Sturgell*, 553 U.S. 880, 895, 899–900 (2008) (explaining that a nominal plaintiff is subject to the same defenses as the defendant would have against the "real party in interest" because parties may not use representatives or agents to relitigate adverse judgments (citing *United States v. Des Moines Valley R. Co.*, 84 F. 40, 42–43 (C.A.8 1897) (Thayer, J.)); *see Des Moines Valley*, 84 F. at 43 ("[A] court of equity will hold the nominal plaintiff, even though it is the United States, subject to the same defenses which exist and might be pleaded as against the real party in interest, if he were suing in his own name.").

[2] The petitioner seeks attorney's fees and costs under the Equal Access to Justice Act (EAJA), 28 U.S.C. § 2412. (*See* Docket Entry No. 1). The request is denied because "the EAJA does not authorize attorney's fees for successful 28 U.S.C. § 2241 motions." *Barco v. White*, 65 F.4th 782, 785 (5th Cir. 2023) *cert. denied*, 144 S. Ct. 553 (2024).